UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

VERONICA MARTINELLI,

                       Plaintiff,

       – against –

LEGENDS HOSPITALITY, LLC,

                       Defendant.

24-cv-

**Complaint and Jury Demand**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, Veronica Martinelli ("Plaintiff"), by and through her attorney, Corey Stark PLLC, complains of Defendant and respectfully sets forth to the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks to recover damages for gender discrimination and retaliation in the terms, conditions, and privileges of employment under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the New York Executive Law Section 290 *et seq*. ("NYSHRL"), and the Administrative Code of the City of New York Section 8-807 *et seq*. ("NYCHRL"). Plaintiff also seeks to recover unpaid wages, liquidated damages, reasonable attorneys' fees, and costs relating to Defendant's willful violations of the New York State Labor Law ("NYLL") "No Wage Theft Loophole Act" Section 193(5).

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(4), and 28 U.S.C. Section 1367.

1

## VENUE

3. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. Section 1391 because it is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5. On August 8, 2024, the EEOC issued a Notice of Right to Sue (the "Right-to-sue Letter"), which permitted Plaintiff to file a civil action within ninety days of her receipt of the Right-to-sue Letter.

6. Plaintiff commenced this action within ninety days of her receipt of the Right-to-sue Letter.

7. Before filing the complaint in this action Plaintiff caused a copy of the same to be served upon the Corporation Counsel of the City of New York.

## PARTIES

8. Plaintiff Veronica Martinelli ("Plaintiff") is female.

9. At all times material herein Plaintiff was, and still is, a resident of the city, county, and state of New York.

10. At all times material herein Plaintiff was an "employee" entitled to protection within the meaning of Title VII, the NYSHRL, the NYCHRL, and the NYLL.

11. Upon information and belief, Defendant, Legends Hospitality LLC is a foreign limited liability company with its principal place of business located at 61 Broadway within the city, county, and state of New York.

12. At all relevant times Defendant employed over twenty (20) full-time employees and is an "Employer" within the meaning of Title VII, the NYSHRL, the NYCHRL, and the NYLL.

13. This action arises out of the Defendant's wrongful, illegal, and tortious conduct within the state of New York.

### BACKGROUND/DISPARATE TREATMENT/RETALIATION

14. Plaintiff earned Master of Arts degree a from Johns Hopkins University SAIS-Bologna, Italy, and a Master of Law degree from the University of Siena, Italy.

15. Plaintiff has a well-established career in marketing and communications in the luxury services industry and as events director in fine dining.

16. Plaintiff was gainfully employed as an events director for a fine dining company when Defendant recruited her to resign her job and join Defendant.

17. Plaintiff commenced her employment by Defendant with the title or position of Director of Catering and Events on March 6, 2024.

18. Plaintiff performed her services competently, faithfully, and diligently, consistently meeting and exceeding Defendant's reasonable performance expectations.

19. During her short tenure Plaintiff succeeded in building a venue deck, finalizing a new catering menu, creating a preferred vendors list, putting into effect a standard operating procedure for sales, hiring a new banquet manager, overseeing venue walkthroughs with clients, and implementing protocols to ensure client satisfaction.

20. Numerous clients complimented Plaintiff for her work performance.

21. As the result of her professional contributions Plaintiff generated more than $1,000,000 for Defendant in event revenue.

22. Nevertheless, despite her excellent work, Plaintiff was subjected to hostility by John Sergi and was treated less favorably than similarly-situated employees who were not female.

23. In April 2024 Plaintiff made a complaint of harassment and gender discrimination against Mr. Sergi.

24. Instead of taking Plaintiff seriously, Defendant failed to conduct a meaningful investigation into, or otherwise address, the allegations in her discrimination complaint.

25. By ignoring the complaint Defendant emboldened Mr. Sergi, who began treating Plaintiff even less favorably than he had been treating her before she had complained.

26. The disparate treatment and hostility culminated in Defendant's termination of Plaintiff's employment on June 3, 2024.

27. Plaintiff's supervisor was initially unable to articulate a reason for firing Plaintiff, but when pressed he admitted that Plaintiff's discrimination and harassment complaint against Mr. Sergi was the motivation for the termination of Plaintiff's employment.

## WAGE THEFT

28. As an inducement for Plaintiff to resign her job and join Defendant, and to motivate Plaintiff to book events, Defendant offered her a bonus of three percent of up to one million dollars in event revenue and four percent for revenue over a million dollars (the "Bonus").

29. Entitlement to the Bonus was a guaranteed, non-discretionary term and condition of Plaintiff's employment.

30. Plaintiff generated more than a million dollars in event revenue for Defendant.

31. Defendant has confirmed in writing that it owes Plaintiff the Bonus.

32. Yet to date Defendant has not paid any portion of the Bonus that is due and owing.

33. Defendant's failure to pay the Bonus violates the "No Wage Theft Loophole Act" codified in NYLL Section 193(5).

## AS AND FOR A FIRST COUNT
(*Title VII Discrimination*)

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "33" inclusive with the same force and effect as if fully set forth at length herein.

35. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her gender. By reason thereof, Defendant has violated Title VII.

36. Plaintiff was humiliated and embarrassed within the work atmosphere as a direct and proximate result of Defendant's unlawful discriminatory practices as described herein.

37. Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendant's discriminatory practices.

## AS AND FOR A SECOND COUNT
(*NYCHRL Discrimination*)

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "33" inclusive with the same force and effect as if fully set forth at length herein.

39. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her gender. By reason thereof, Defendant has violated the NYCHRL.

40. Plaintiff was humiliated and embarrassed within the work atmosphere as a direct and proximate result of Defendant's unlawful discriminatory practices as described herein.

41. Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendant's discriminatory practices.

## AS AND FOR A THIRD COUNT
(*NYSHRL Discrimination*)

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "33" inclusive with the same force and effect as if fully set forth at length herein.

43. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her gender.  By reason thereof, Defendant has violated the NYSHRL.

44. Plaintiff was humiliated and embarrassed within the work atmosphere as a direct and proximate result of Defendant's unlawful discriminatory practices as described herein.

45. Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendant's discriminatory practices.

## AS AND FOR A FOURTH COUNT
(*Title VII Retaliation*)

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "33" inclusive with the same force and effect as if fully set forth at length herein.

47. Defendant unlawfully retaliated against Plaintiff with respect to the terms and conditions of her employment because she made protected complaints of discrimination.  By reason thereof, Defendant has violated Title VII.

6

48.     Plaintiff was humiliated and embarrassed within the work atmosphere as a direct and proximate result of Defendant's unlawful retaliatory practices as described herein.

49.     Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendant's retaliation.

## AS AND FOR A FIFTH COUNT
(*NYCHRL Retaliation*)

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "33" inclusive with the same force and effect as if fully set forth at length herein.

51.     Defendant unlawfully retaliated against Plaintiff with respect to the terms and conditions of her employment because she made protected complaints of discrimination. By reason thereof, Defendant has violated the NYCHRL.

52.     Plaintiff was humiliated and embarrassed within the work atmosphere as a direct and proximate result of Defendant's unlawful retaliatory practices as described herein.

53.     Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendant's retaliation.

## AS AND FOR A SIXTH COUNT
(*NYSHRL Retaliation*)

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "33" inclusive with the same force and effect as if fully set forth at length herein.

55.     Defendant unlawfully retaliated against Plaintiff with respect to the terms and conditions of her employment because she made protected complaints of discrimination. By reason thereof, Defendant has violated the NYSHRL.

56. Plaintiff was humiliated and embarrassed within the work atmosphere as a direct and proximate result of Defendant's unlawful retaliatory practices as described herein.

57. Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendant's retaliation.

**AS AND FOR A SEVENTH COUNT**
(*Willful Failure to Pay Wages*)

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the counterclaim numbered "1" through "33" inclusive with the same force and effect as if fully set forth at length herein.

59. Defendant agreed to pay Plaintiff wages in the form of a Bonus of three percent of up to one million dollars in event revenue and four percent for revenue over one million dollars.

60. The payment of the Bonus was a guaranteed and non-discretionary term and condition of Plaintiff's employment.

61. The Bonus constitutes wages within the meaning of the NYLL.

62. Defendant deducted or failed to pay wages to which Plaintiff is entitled.

63. Defendant's failure to pay Plaintiff the wages due and owing was willful as the term is used in Article 6 of the NYLL because Defendant was fully aware of the obligations yet elected to ignore it.

64. Defendant's actions violated the "No Wage Theft Loophole Act" codified in NYLL Section 193(5).

65. As a direct and proximate result of Defendant's unlawful practices, Plaintiff has sustained substantial damages the amount of which is to be determined by the jury at the trial of this Action.

**WHEREFORE** Plaintiff demands the following relief:

a) a money judgment against Defendant for her damages including, but not limited to, back pay, front pay, lost wages, liquidated damages, lost benefits, other economic damages, shame, humiliation, embarrassment, and mental distress;

b) reinstatement or, in the alternative, front pay;

c) an award of punitive damages and attorneys' fees;

e) pre-judgment interest and costs; and

f) such further and additional relief as the Court deems just and appropriate under the circumstances.

COREY STARK PLLC

/s/_____
By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York  10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
October 30, 2024

                                        COREY STARK PLLC

                                        /s/_____
                                        By: Corey Stark (CS-3897)
                                        *Attorneys for Plaintiff*
                                        110 East 59th Street, 22nd Floor
                                        New York, New York  10022
                                        (212) 324-3705